UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HANNAH P MHIRE** | **CASE NO. 2:20-CV-00891** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **REMEDIAL CONSTRUCTION SERVICES L P ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 16] filed by defendants Remedial Construction Services LP ("Recon") and Zurich American Insurance Company. Plaintiff Hannah Mhire has failed to file a response within the time set forth by the court and so the motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on November 11, 2019. Doc. 1, att. 2. Plaintiff alleges that she was driving along Highway 384 in Cameron Parish when she hit a patch of thick mud or clay in the road and lost control of her vehicle, resulting in a violent crash into a nearby ditch. *Id.* She further asserts that the hazard was caused by Recon through its negligence in removing fill material from a nearby property. *Id.* Accordingly, she filed suit against Recon and its insurer in the 38th Judicial District Court, Cameron Parish, Louisiana. The defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

By scheduling order issued on December 8, 2020, this matter was set for jury trial on October 18, 2021, with plaintiff expert report deadline on June 21, 2021. Doc. 12. On August 19, 2021, defendants filed this Motion in Limine. Doc. 16. They seek to exclude: (1) any evidence or mention of Post-Traumatic Stress Disorder, on the grounds that plaintiff failed to make timely disclosures of evidence relating to this condition; (2) any evidence of a chiropractic diagnosis, on the same grounds; (3) any opinion from the investigating officer regarding the cause of the crash, unless he is qualified as an expert in accident reconstruction; (4) any evidence or reference to the amount of Recon's insurance coverage; (5) any evidence or reference to Recon's wealth or size; and (6) any argument that the jury should apply the Golden Rule in ruling. Doc. 16, att. 1. They also argue that, under the collateral source rule, plaintiff is not entitled to recover the portions of her medical bills that have been gratuitously written off by her treatment providers. *Id.* Plaintiff filed no response to the motion in the time set forth under the court's order [doc. 17] and the motion is therefore regarded as unopposed.

## II.
## LAW & APPLICATION

### A. *Governing Law*

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. *Post-Traumatic Stress Disorder*

Defendants state that plaintiff did not provide any expert reports by the court's deadline, and only noted anxiety and panic attacks as mental health symptoms in her interrogatory responses on March 8, 2021. Doc. 16, att. 1, pp. 2–3. In a deposition on August 10, 2021, however, she mentioned that she was seeing mental health counselor Leigh Boyer as her "PTSD counselor." *Id.* at 2. Defendants further assert that no records or reports have been provided from Ms. Boyer and it is unknown whether she agrees with

this diagnosis.[1] Accordingly, they seek to exclude any evidence or reference to Post-Traumatic Stress Disorder on the grounds that the alleged diagnosis was untimely disclosed.

Plaintiff is required to disclose the identity of any physician, including a treating physician not required to render an expert report, or other expert witness within the deadline set by this court.[2] She has not done so nor has she provided good cause for her failure to do so. Post-Traumatic Stress Disorder is a mental health disorder; the court will not accept lay testimony on whether the plaintiff is experiencing this condition. Furthermore, the last-minute interjection of the issue deprives defendants of a fair opportunity to investigate it before the October 18 trial setting. Accordingly, the motion will be granted in this regard. Plaintiff may testify about her symptoms is barred from any reference to or evidence of Post-Traumatic Stress Disorder at trial.

---

[1] Defendants state that plaintiff disclosed Ms. Boyer as a pre-accident treatment provider. Doc. 16, att. 1, p. 2.
[2] The court's scheduling order provides, in relevant part:

> A. **Expert Reports:** Plaintiff shall furnish to defendant the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before June 21, 2021 (120 days before trial). Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than July 6, 2021 (105 days before trial). **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.**
>
> A treating physician may opine about diagnosis, prognosis, causation, or the need for future medical treatment without producing a report under Rule 26(a)(2)(B) and without the proponent providing a summary of facts and opinions under Rule 26(a)(2)(C). The brief summary described in the main body of this order satisfies a party's Rule 26 disclosure requirements for treating physicians, so long as it is made within the party's expert report deadline. A witness will not be allowed to testify as a treating physician if he is not timely disclosed, absent leave of court upon a showing of good cause. A party must still qualify a treating physician at trial if the physician will testify to a medical opinion.

Doc. 12, p. 2 (emphasis in original).

### 2. *Chiropractic Diagnosis*

Defendants state that plaintiff has provided a copy of a bill from Ward Chiropractic, which describes the treatment modality she receives, but no records describing her diagnosis or prognosis. She also made no Rule 26 disclosure regarding this treatment provider or any chiropractic diagnosis. Accordingly, they seek to exclude any evidence or mention of a chiropractic diagnosis or prognosis on the same grounds described above. The court again agrees with the limitation and will **GRANT** the motion in this regard. Plaintiff may describe the treatment she has undergone and her symptoms but may not introduce evidence or argument regarding a diagnosis from her chiropractor or need for future chiropractic treatment.

### 3. *Investigating Officer*

Defendants also seek to exclude any opinion testimony from the investigating officer on the cause of the plaintiff's accident, unless that officer is qualified as an expert in accident reconstruction. "As a general rule, police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under [Federal Rule of Evidence] 701." *Duhon v. Marceaux*, 33 F. App'x 703 (5th Cir. 2002) (internal quotations omitted). When that officer is qualified as an expert by virtue of his training and experience, however, he may offer an opinion on the accident's cause. *E.g.*, *Shao v. Yu Lei*, 2019 WL 11637273, at *4 (W.D. Tex. Nov. 22, 2019) (collecting cases). The court agrees and will only allow the investigating officer to testify on the accident's cause if he is qualified under Federal Rule of Evidence 702. Accordingly, the motion is **GRANTED** in this regard.

### 4. *Insurance Coverage*

Defendants seek to exclude any evidence or mention of Recon's policy limits. Evidence of a defendant's insurance coverage is not admissible to prove negligent or wrongful conduct, but may be admitted to show a witness's bias or to prove agency, ownership, or control. Fed. R. Evid. 411. Unless plaintiff can produce some argument showing the relevance between Recon's coverage and a permissible basis for this evidence under the Rules, the court agrees that any mention or evidence of this coverage should be excluded. The motion is therefore **GRANTED** in this regard.

### 5. *Size or Wealth of Defendant*

Defendants also request that the court bar any evidence or mention of their respective size or wealth. Again, subject to any novel argument from plaintiff at trial, the court agrees that the potential prejudice of such evidence will substantially outweigh its probative value. The motion is **GRANTED** in this regard.

### 6. *Golden Rule Argument*

Defendants request that the court prohibit any argument that the jury should "do unto others" and that it should likewise reject any evidence, argument, or insinuation that the jury's damages award should be calculated to "send defendant a message." Doc. 16, att. 1, p. 8. The court agrees that such arguments are impermissible on the question of damages but may be allowed on the issue of liability. *Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Accordingly, the motion is **GRANTED** as it relates to arguments on damages but **DENIED** in all other respects.

### *7. Collateral Source Rule*

Finally, defendant argues that the collateral source rule does not apply to gratuitous write-offs plaintiff received of various medical bills and that she is therefore only entitled to recover the amount paid.

As the Fifth Circuit recently summarized:

> The collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. It is a substantive rule of law, as well as an evidentiary rule (disallowing evidence of insurance or other collateral payments that may influence a fact finder). [] In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. If not, the income is considered "independent of (or collateral to) the tortfeasor," and the tortfeasor may not reduce its damages by that amount. In practice, the rule allows plaintiffs to recover expenses they did not personally have to pay.

*Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358–59 (5th Cir. 2016) (internal citations omitted); *see also Bozeman v. State*, 879 So.2d 692 (La. 2004). Under Louisiana jurisprudence, however, the rule does not apply to attorney-negotiated writeoffs or discounts for medical bills obtained as a result of the litigation process. *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702, 706–07 (La. 2015).

Defendants argue that "plaintiff received gratuitous write-offs from various medical providers without herself negotiating the write-offs," but submit no evidence of the terms of these write-offs or how they were obtained. In the absence of conclusive evidence that plaintiff's patrimony has not and will not be diminished for an amount greater than what was already paid, the court cannot determine whether the write-offs are a collateral source. Accordingly, the motion is **DENIED** in this regard, without prejudice to defendants' right to reurge it.

## III.
### CONCLUSION

The Motion in Limine [doc. 16] is hereby **GRANTED IN PART** and **DENIED IN PART**, as described above.

**THUS DONE AND SIGNED** in Chambers on this 7th day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**